## J. S. LOVELLETTE

*v.*

## STATE OF ILLINOIS.

*Opinion filed November 28, 1922.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conducting the St. Charles School for Boys exercises a governmental function and is not liable for injuries received by its employees in the discharge of their duty.

REIMBURSEMENTS—*when reimbursement will be made.* While no legal liability exists against the State, as an act of social justice and equity the Court may award to claimant compensation to reimburse him for various sums of money expended incident to the death and burial of his wife.

Edward J. Brundage, Attorney General, for State.

This claim was filed in this Court by J. S. Lovellette, husband of Grace E. Lovelette, deceased. who had been an employee of the State of Illinois, at the St. Charles School for Boys, at St. Charles, Illinois, from March 14th, 1914, up to and including the date of her death.

The facts in this case are not disputed. The testimony shows that Grace E. Lovellette was employed as, what is known as, a House Mother in the St. Charles School for Boys, owned, maintained and controlled by the State of Illinois; that she was the wife of the claimant, who was also employed at said State institution; that on February 11th, 1921, one of the inmates, Franklin Gossett, attacked Mrs. Lovellette with a heavy iron bar, commonly used as a shaker for the furnace in the cottage at which Mrs. Lovellette resided, and that on February 13, two days later, Mrs. Lovellette died. Franklin Gossett was arrested, confessed to the murder and was duly convicted and sentenced for murder in the Circuit Court of Kane County.

The claimant, in his petition states and the testimony shows that he spent a large sum of money for funeral expenses, railroad fare, the transportation of his wife's remains, for cemetery lot, tumbstone, etc.

Claimant does not claim to be dependent, he, on the contrary admits that he is not. He does not claim damages under the Workmen's Compensation Act. There can be no question but what there is no liability on the part of the State of Illinois, even if the Workmen's Compensation law applied. This question has been decided in numerous cases heretofore passed on by this Court.

The Attorney General, on behalf of the State of Illinois, has filed a demurrer which demurrer, as a matter of law will be sustained.

The Court has carefully reviewed the evidence presented in this case and we find that there is no liability on the part of the State of Illinois.

We find that the claimant has paid out various sums of money for the burial of his wife and other expenses attending her death and burial and that as a matter of social justice and equity he should be reimbursed.

We therefore recommend an award to the claimant in the sum of fifteen hundred dollars ($1,500.00).